**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.  EDCV 14-02047-VAP (DTBx)         Date:  November 21, 2014

Title:  RICHARD SCHLUCKBIER, AN INDIVIDUAL -v- MASTEC NORTH AMERICA, INC., A FLORIDA CORPORATION; WILLIAM F. BOSWELL, AN INDIVIDUAL; AND DOES 1 THROUGH 50
==========================================================================
PRESENT:     HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:     ORDER TO SHOW CAUSE RE: JURISDICTION (IN CHAMBERS)

On July 30, 2014, Plaintiff Richard Schluckbier ("Schluckbier") filed a Complaint in the California Superior Court for the County of San Bernardino against Defendants Mastec North America, Inc. ("Mastec") and William Boswell ("Boswell"). (Not. of Removal (Doc. No. 1) Ex. A ("Complaint").)  In the Complaint, Schluckbier alleges that he is a resident of Michigan, Mastec is a Florida Corporation with its principal place of business in California, and Boswell is a resident of South Carolina. (Compl. ¶¶ 1–3.)

Mastec removed the action to this Court on October 3, 2014.  In the Notice of Removal, Mastec asserts that its principal place of business is Florida, not California.  (<u>See</u> Not. of Removal ¶ 11(b).)  Mastec supports this contention with the

EDCV 14-02047-VAP (DTBx)
RICHARD SCHLUCKBIER v. MASTEC NORTH AMERICA, INC., A FLORIDA CORPORATION, et al.
MINUTE ORDER of November 21, 2014

Declaration of its Associate General Counsel, Corey Collins. (Declaration of Corey Collins (Doc. No. 3) ¶¶ 4-6.) It remains unclear whether this Court has subject matter jurisdiction over the case.

Federal courts have subject matter jurisdiction over controversies between citizens of different states. 28 U.S.C. § 1332(a)(1); Hunter v. Phillip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (explaining § 1332 requires "complete diversity," which means the citizenship of "each plaintiff is different from that of each defendant"). A corporation is a citizen of the state of its incorporation and the state where its principal place of business is located. Harris v. Rand, 682 F.3d 846, 850–51 (9th Cir. 2012) (quoting Hertz Corp. v. Friend, 559 U.S. 77 (2010)). An individual's domicile determines her citizenship. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Id.

In this case, Schluckbier is more likely than not a citizen of Michigan based on his continuous residence and ongoing medical treatment in that state. Further, Mastec is more likely than not a citizen of Florida. (See Collins Decl.) Boswell, however, is only mentioned in passing in any pleading in this case. Both the Complaint and the Notice of Removal allege Boswell is a "resident" of South Carolina, which does not establish Boswell's citizenship.

In the Ninth Circuit, an allegation of residency does not support a finding of an individual's citizenship. See Mondragon v. Capital One Auto Finance, 736 F.3d 880, 886 (9th Cir. 2013). Accordingly, the Court ORDERS Mastec to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Mastec shall file a response, in writing, no later than December 5, 2014.

**IT IS SO ORDERED.**